# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST DEAN SOEST,<br><br>        Plaintiff,<br><br>    v.<br><br>MOJAVE AIR AND SPACE PORT, et al.,<br><br>        Defendants. | Case No.: 1:16-cv-1334- JLT<br><br>ORDER TO THE PARTIES TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDER |

On October 21, 2016, the Court granted the parties' joint request to stay the action. (Doc. 10) In addition, the Court ordered counsel to "file a joint report detailing the status of the placement of the F-100," no later than May 19, 2017. (*Id.* at 4) To date, the parties have failed to comply with the Court's order to file a joint status report.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may impose sanctions based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (imposing sanctions for failure to comply with an order); *Malone*

*v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (imposition of sanctions for failure to comply with a court order).

Accordingly, **within fourteen days** the parties are **ORDERED** to show cause why the sanctions should not be imposed for failure to follow the Court's Order or to file the joint status report as previously ordered.

IT IS SO ORDERED.

Dated: __**May 24, 2017**__  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE